JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 13-06871 SJO (MRWx)</u>        **DATE:** <u>October 17, 2013</u>

**TITLE:**        <u>Martingale Investments, LLC v. John Frausto</u>

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE** [Docket No. 4]

This matter is before the Court on Plaintiff Martingale Investments, LLC's ("Plaintiff") Motion to Remand Case ("Motion"), filed September 25, 2013.  Defendant John Frausto ("Defendant") has not filed an opposition.  The Court finds this matter suitable for disposition without oral argument and vacated the hearing set for October 21, 2013.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court").

I.        FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this present action for unlawful detainer on July 16, 2013, in Los Angeles County Superior Court based on Defendant's failure to vacate property acquired by Plaintiff in a Trustee's Sale conducted pursuant to California Civil Code section 2924, *et seq.*, on June 24, 2013.  (*See generally* Notice of Removal ("Notice"), Ex. 1 ("Compl."), ECF No. 1.)  Defendant filed a Notice of Removal on September 18, 2013, more than sixty days after the state court action was filed.  (*See generally* Notice.)

II.        DISCUSSION

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  (quotation marks omitted).

Here, it is not clear on what basis Defendant seeks to remove.  For example, Defendant states that removal is pursuant to 28 U.S.C. § 1443(1) because "under California Civil Code he is denied or cannot enforce his equal rights to contract for and secure his property rights in the Superior

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 13-06871 SJO (MRWx)</u>          **DATE:** <u>October 17, 2013</u>

Courts of California."  (Notice 7; *see also* Notice 13-15.)  Furthermore, Defendant asserts that removal is proper because there is a federal question involving " fair housing, retaliatory evictions, and related racial discrimination."  (Notice 9.)  Defendant also claims that "[t]he federal question law is the violation of civil rights that has associated Federal Claims of the SEC, securities issues and violations of federal banking laws in alleged property transfers."  (Notice 16.)  Finally, Defendant appears to justify removal by citing to 28 U.S.C. § 1332, which grants federal courts diversity jurisdiction.  (Notice 1, 9.)  However, despite his citations to the diversity jurisdiction statute, Defendant also explicitly states that "[removal] is not based on grounds of diversity of citizenship" because the "amount in controversy in excess of $75,000 does not apply."  (Notice 9 (emphasis removed).)  The Court will therefore consider only whether removal is proper under 28 U.S.C. § 1441 on federal question grounds and whether removal is proper under 28 U.S.C. § 1443, which provides for the removal of certain civil rights cases.

A.     <u>Federal Question Jurisdiction</u>

28 U.S.C. § 1331 provides federal courts with jurisdiction over cases where a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).  Pursuant to the well-pleaded complaint rule, federal question exists under § 1331 "only when a federal question is presented on the face of a plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," a plaintiff may avoid federal jurisdiction by pleading exclusively state law claims.  *Id.* A defendant cannot establish "arising under" jurisdiction by asserting either a federal defense or a federal counterclaim.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Here, the Complaint asserts only one cause of action, unlawful detainer.  (Compl. 1.)  Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law.  Defendant appears to try to raise either defenses or counterclaims that involve federal law.  For example, Defendant states that "he is being denied or discriminated for whistleblowing re banking fraud and/or unsafe housing and cannot enforce his rights to equal protection of the discriminatory laws of the state of California . . . ."  (Notice 8.)  However, these allegations do not appear on the face of Plaintiff's well-pleaded Complaint, so Defendant cannot use them to establish "arising under" jurisdiction.  Because Plaintiff's cause of action arises under the laws of the state of California and not the United States, Defendant cannot, without more, establish federal question jurisdiction.

C.     <u>Civil Rights Removal</u>

JS-6
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:   CV 13-06871 SJO (MRWx)           DATE:  October 17, 2013**

Pursuant to 28 U.S.C. § 1443, a defendant may remove a civil action to federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."  28 U.S.C. § 1443(1).  District courts in the Central District of California have articulated the test for removal pursuant to § 1443 as requiring satisfaction of two elements: (1) the party must "assert a right under federal law protecting civil rights in terms of racial equality (rather than general constitutional or statutory provisions of general acceptability or under statutes not protecting against racial discrimination)"; and (2) "it must appear that the party seeking removal cannot enforce the specified federal right in the state courts because of a state statute or constitutional provision that purports to command the state courts to ignore the federal rights."  *Aurora Loan Servs., LLC v. Harrison*, No. CV 10-6715, 2010 WL 3814884, at *1 (C.D. Cal. Sept. 27, 2010) (internal quotation marks and emphasis omitted).

Defendant asserts that the state of California's statutory scheme governing unlawful detainer is unconstitutional and removal is therefore proper on civil rights grounds.  Specifically, Defendant alleges that "the California Civil Code procedures authorizing evictions violate 42 U.S.C. §§ 1981-1982."  (Notice 7.)  Defendant argues that this statutory scheme "both on its face and as applied discriminates unfairly against Ethnic-Surname Americans."  (Notice 7.)  Furthermore, Defendant argues that there is "an official program and pattern of linguistic and therefore racial discrimination in the California Superior Courts . . . violat[ing] the guarantees to due process found in the Fifth and Fourteenth Amendments."  (Notice 14.)

The Court finds *Harrison* instructive.  In *Harrison*, the defendants removed an unlawful detainer complaint to the Central District on civil rights grounds, claiming that "the statutes were enacted with express discriminatory intent."  *Harrison*, 2010 WL 3814884, at *2 (internal quotation marks omitted).  The court remanded the case to state court in part because the defendants did not "point to anything which *commands* the state courts to ignore federal rights."  *Id.*  Similarly, here, Defendant does not point to a California statute or constitutional provision that commands state courts to discriminate against parties with ethnic surnames or otherwise discriminate on linguistic or racial grounds.  Instead, Defendant raises broad allegations of discrimination without showing why state courts are compelled to ignore Defendant's federal rights.  Therefore, like the defendants in *Harrison*, Defendant fails to establish that the Court has subject matter jurisdiction.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and  **REMANDS** this case to the Superior Court of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.